UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In re: Virgil Junior Goodwin )  Case No. 18-50241
287 Eleanor Ave )
_____ )
(address) )  Chapter 13
Mt. Airy NC, 27030 )
(city, state, zip) )
SS# xxx-xx- 1186 )
SS# xxx-xx-_____ )
)
Debtor(s) )

# NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on
_____.

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include information regarding the filing of proofs of claims.

A creditor must timely file a proof of claim with the Court in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

**CHAPTER 13 PLAN SUMMARY**

The Debtor proposes an initial plan, which is subject to modification, as follows:

I. **Plan Payments**

The plan proposes a payment of $__655.69__ per month for a period of __60__ months. The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.

II. **Administrative Costs**

   1. **Attorney fees.**

      /__/   The Attorney for the Debtor will be paid the base fee of $3,500.00. The Attorney has received $_____ from the Debtor pre-petition and the remainder of the base fee will be paid monthly by the Trustee as funds are available, after scheduled monthly payments to holders of domestic support obligations and allowed secured claims.

      /__/   The Attorney for the Debtor will file application for approval of a fee in lieu of the presumptive fee.

   2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

III. **Priority Claims**

All pre-petition claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments unless otherwise indicated.

   1. **Domestic Support Obligations ("DSO")**

   a.   /__/   None

   b.   The name, address, and phone number, including area code, of the holder of any DSO as defined in §101(14A) is as follows:

| Name of DSO Claimant | Address, city & state | Zip code | Telephone number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

V. **Co-Debtor Claims**

The Debtor proposes to separately classify for payment in full the following claims for consumer debts on which an individual is liable with the Debtor:

| Creditor | Co-Debtor | Interest Rate | Monthly Payment |
|---|---|---|---|
| | | % | $ |
| | | % | $ |
| | | % | $ |

VI. **General Unsecured Claims Not Separately Classified**

General unsecured claims will be paid on a pro-rata basis, with payments to commence after priority unsecured claims are paid in full. The estimated dividend to general unsecured claims is _____%.

VII. **Executory Contracts/Leases**

a. /__/ None

b. The following executory contracts and/or leases will be rejected:

| Creditor | Nature of lease or contract |
|---|---|
| | |
| | |
| | |

c. The following executory contract and/or leases will be assumed. The Debtor will pay directly all lease payments which come due from the petition filing date until confirmation of the plan. Upon confirmation, payments will be paid as follows:

| Creditor | Nature of Lease or Contract | Monthly payment | Monthly payment paid by Debtor (D) or Trustee (T) | Arrearage Amount | Arrearage paid by Debtor (D) or Trustee (T) | Arrearage monthly payment |
|---|---|---|---|---|---|---|
| | | $ | | $ | | $ |
| | | $ | | $ | | $ |
| | | $ | | $ | | $ |
| | | $ | | $ | | $ |

2. **Personal Property Secured Claims**

a. /__/ None

b. Claims secured by personal property will be paid by the Trustee as follows:

| Creditor | Collateral | Secured Amount | Purchase Money Y/N | Under-secured Amount | Pre-confirmation adequate protection payment per §1326(a)(1) | Post-confirmation Equal Monthly Amount (EMA) | Proposed Interest Rate |
|---|---|---|---|---|---|---|---|
| | | $ | | $ | $ | $ | % |
| | | $ | | $ | $ | $ | % |
| | | $ | | $ | $ | $ | % |
| | | $ | | $ | $ | $ | % |

The Trustee will disburse pre-confirmation adequate protection payments to secured creditors holding allowed purchase money secured claims. Claims having a collateral value of less than $2,000.00 will not receive adequate protection payments.

***To the extent that the valuation provisions of 11 U.S.C. § 506 do not apply to any of the claims listed above, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. § 1325(a)(5)(A).***

3. **Collateral to be Released**

The Debtor proposes to release the following collateral:

| Creditor | Collateral to be Released |
|---|---|
| | |
| | |
| | |
| | |

4. **Liens to be Avoided**

The Debtor pursuant to 11 U.S.C. §522 proposes to avoid the following liens on property to the extent that such liens impair the Debtor's exemption:

| Lien Creditor | Property |
|---|---|
| | |
| | |
| | |

c. All **post-petition** DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

d. Arrearages owed to DSO claimants under 11 U.S.C. §507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Estimated Arrearage Claim | Monthly Payment |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

2. **Other priority claims to be paid by Trustee**

| Creditor | Estimated Priority Claim |
|---|---|
| LOAN MAX | $ 800.00 |
| Security Finance | $ 1000.00 |
| IRS | $ 1200.00 |

IV. **Secured Claims**

1. **Real Property Secured Claims**

a. /__/ None

b. All payments on any claim secured by real property will be paid by the Trustee unless the account is current, in which case the Debtor may elect to continue making mortgage payments directly. Arrearage claims will be paid by the Trustee as separate secured claims over the term of the plan, without interest.

| Creditor | Property Address | Residence or Non-Residence R/NR | Current Y/N | Monthly Payment | Arrearage Amount | If Current Indicate Payment by Debtor (D) or Trustee (T) |
|---|---|---|---|---|---|---|
| Mr. Cooper | 287 Eleanor Ave | R | | $481. | $6734 | |
| | | | | $ | $ | |
| | | | | $ | $ | |
| | | | | $ | $ | |

**VIII. Special Provisions**

    a.    /__/ None

    b.    Other classes of unsecured claims and treatment

            _____

    c.    Other Special Terms _____

            _____

Date: MAY 17, 2018

_____
Attorney for Debtor
Address:_____

Telephone_____
State Bar No:_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In re: Virgil Junior Goodwin )  Case No. 18-50241
                             )
SS# xxx-xx- 1186             )  NOTICE TO CREDITORS
SS# xxx-xx- ___              )  AND
                             )  PROPOSED PLAN
              Debtor(s)      )

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

① Mr. Cooper
8950 Cypress
Waters Blvd
Dallas TX 75019

② Loan Max
3006 W. Main St
Danville N.C. 24541

③ Security Financial Service
1142 W. Pine St
Mt. Airy N.C. 27030

Date: May 17, 2018                   /s/ Virgil Goodwin